UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DR. PATT MCGUIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-71 CAS |
| | ) | |
| JERRY EDWARDS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the Court on review of the file following removal. Pro se plaintiff Dr. Patt McGuire has filed several documents and motions following removal, including a letter to the Court received January 29, 2018 (Doc. 8), attached to which is an unofficial copy of a state court docket sheet from Missouri Case.net. As a threshold matter, the Court is aware that Case.net specifically cautions, "The information available on Case.net is provided as a service and *is not considered an official court record.*" Missouri Case.net General Help (emphasis added).[1]

The unofficial state court docket sheet shows that plaintiff filed suit in the Circuit Court of St. Louis County, State of Missouri, on December 18, 2017, against two defendants, Jerry Edwards and St. Louis County, Missouri. Counsel for defendant Edwards filed an entry of appearance in state court on January 8, 2018. Defendant St. Louis County, Missouri filed a motion to dismiss for insufficiency of process and lack of jurisdiction in state court on January 10, 2018. On January 17,

---

[1] *See* Case.net General Help, Accessing Case.net, https://www.courts.mo.gov/case.net/casenethelp.nsf/dd5cab6801f1723585256474005327c8/842898cd604d014d8625681d005927bb?OpenDocument (last accessed Jan. 30, 2018).

2018, defendant Edwards removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446.[2]

A. Defendant Edwards Must Supplement the Record

It appears from the unofficial state court docket sheet that defendant Edwards failed to file with this Court upon removal "a copy of all process, pleadings, and orders served upon such defendant . . . in such action," as required by 28 U.S.C. § 1446(1). Removal statutes are to be strictly construed. Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002). Defendant Edwards will be ordered to file a Supplement to his Notice of Removal that (1) includes as attachments thereto copies of all records and proceedings that took place in the state court up to the time the Notice to State Court and Plaintiff of Filing of Notice of Removal was filed, see 28 U.S.C. §§ 1447(b), 1446(d);[3] and (2) specifically identifies for the Clerk of the Court all motions that were pending in the state court at the time of removal.

B. The Court Will Not Advise Plaintiff

Plaintiff's letter (Doc. 8) asks the Court to explain and clarify activity in this case both in state court and in federal court. Among other things, plaintiff asks the Court to explain the meaning of a January 25, 2018 state court docket entry titled Default Judgment shown on the Case.net listing. The Court will not advise plaintiff in the manner she requests, now or in the future. "District judges have no obligation to act as counsel or paralegal to pro se litigants." Pliler v. Ford, 542 U.S. 225, 231 (2004). See also Martinez v. Court of Appeal of Cal., Fourth Appellate Dist., 528 U.S. 152, 162

---

[2]Defendant St. Louis County, Missouri has not joined in or consented to the removal of the action. See 28 U.S.C. § 1446(b)(2)(A).

[3]28 U.S.C. § 1446(d) states: "Promptly after the filing of such notice of removal of a civil action the defendant . . . shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, *which shall effect the removal and the State court shall proceed no further unless and until the case is remanded*." (Emphasis added.)

(2000) ("[T]he trial judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for [a pro se litigant] that counsel would normally carry out"). It would "undermine district judges' role as impartial decisionmakers" for district courts to advise pro se litigants about "tasks normally and properly performed by trained counsel as a matter of course" as requested by plaintiff here. See Pliler, 542 U.S. at 231.

C. The State Court Lost Jurisdiction Upon Removal

Pursuant to 28 U.S.C. § 1446(d), the state court lost jurisdiction when defendant Edwards filed the Notice to State Court and Plaintiff of Filing of Notice of Removal. See Ward v. Resolution Trust Corp., 972 F.2d 196, 198 (8th Cir. 1992) (federal district court gains jurisdiction upon proper removal from state court; after removal, only the federal district court can restore jurisdiction to the state court, and after removal the state court can proceed no further and its orders are void). As a result, any motions, pleadings, or other documents filed by plaintiff or any other party in state court after that time are not part of the record in federal court and are of no effect in this case.

Further, any orders issued by the state court after removal was effected are void for lack of jurisdiction. Id.; see also 16 James Wm. Moore, et al., Moore's Federal Practice § 107.141[2] (3d ed. 2016) ("Any state court action after the filing of the removal notice is void ab initio[.]") (citing, among other cases, Ward, 972 F.2d at 198). The prohibition against state courts taking any action following removal, however, "does not bar state courts from performing ministerial acts that do not affect the merits of the dispute between the parties." 16 Moore's Federal Practice § 107.141[2].

D. Certain of Plaintiff's Motions Will be Denied

1. Motion for Leave

Plaintiff has filed a Motion for Leave (Doc. 6), which the Court construes as a motion for leave to file an amended complaint. This motion will be denied without prejudice. Any proposed

amended complaint *that requires leave of Court for filing*, see Fed. R. Civ. P. 15 (a)(1), (2), must be submitted along with a motion for leave to file the amended complaint. See E.D. Mo. Administrative Procedures for Case Management/Electronic Case Filing, § II.B. (available on the Court's website).

The Court also notes that the unofficial state court docket sheet shows plaintiff filed an Amended Petition in state court on January 18, 2018, the day after the case was removed to federal court. As a result, the Amended Petition filed in state court and any other post-removal filings in state court are not part of the federal court record and have no effect on the federal case.

### 2. Motion to Uphold State Court Ruling of Default Judgment

Plaintiff filed a motion that asserts the state court granted a default judgment in her favor and asks this Court to uphold it (Doc. 11). The motion will be denied. The Court takes judicial notice of the unofficial state court record as it appears on Missouri Case.net.

Plaintiff's motion is based on a misunderstanding or mischaracterization of the state court's action. Although the January 25, 2018 Case.net docket entry that plaintiff refers to is labeled "Default Judgment" on Case.net, the text of that entry does not contain or refer to an entry of default judgment. Instead, it states: "Copy of Order dated 1/25/2018 was mailed to Dr. Patt McGuire, Priscilla Gunn, ACC, and Henry Luepke, AAG." Immediately following on Case.net is an entry titled "Order." This is the order dated January 25, 2018, to which the "default judgment" entry refers. The Court has viewed the state court's actual Order of January 25, 2018 on Case.net, and it states as follows:

> The Court has taken judicial notice of its files and records, and is fully advised in the premises.
>
> So advised, the Court finds that on January 17, 2018, this case was removed to United States District Court. As a result of that Removal, this case is closed and this Court no longer has jurisdiction.

Accordingly, the Court's order of January 25, 2018, setting "A civil Motion Hearing on February 26, 2018", is set aside and held for naught.

Plaintiff is advised that unless the United States District Court remands this matter to this Circuit Court, there will be no further proceedings in this case.

McGuire v. Edwards, No. 17SL-CC04568 (21st Jud. Cir., St. Louis County, State of Missouri).

Thus, the state court did not enter a default judgment in plaintiff's favor. Instead, it entered a ministerial order that acknowledged its lack of jurisdiction, set aside a scheduled hearing, and advised the plaintiff there would be no further proceedings in the case unless it is remanded. Plaintiff should be aware that no default judgment was entered in her favor, because she was mailed a copy of the state court's Order of January 25, 2018.

Plaintiff is directed not to file any additional motions, or take any other actions in this Court, to attempt to enforce a default judgment from state court, as no such judgment exists.[4]

### 3. Motion to Add the U.S. Government as a Defendant (Judiciary Branch)

Plaintiff filed another motion that asks to join the United States government as a defendant in this case because defendant "Edwards is a State employee" and "St. Louis County Missouri is one in the same as St. Louis County Courts." Mot. at 1 (Doc. 12). This motion is entirely without merit as it is legally frivolous, and it will be denied with prejudice.

### D. Pro Se Litigants in Federal Court

Pro se status does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure. Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996). The Eighth Circuit Court of Appeals has stated that a pro se litigant is not excused

---

[4]Even if the state court had entered a default judgment on January 25, 2018, this would have occurred after the case was removed to federal court. Any substantive order issued by the state court following removal, such as entry of a default judgment, would be void ab initio and of no effect. See Ward, 972 F.2d at 198.

from complying with court orders or substantive and procedural law, "even without affirmative notice of the application of the rules to his case." Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002); see also Carman v. Treat, 7 F.3d 1379, 1381 (8th Cir. 1993) (affirming dismissal of case as a sanction for pro se litigant violating Rule 11 by filing a motion that was not grounded in fact). Plaintiff's "status as a pro se litigant [does] not excuse her from following the local rules." Bunch v. University of Ark. Bd. of Trustees, 863 F.3d 1062, 1067 (8th Cir. 2017).

Thus, all parties to this case, including the pro se plaintiff, must comply with this Court's orders, Local Rules, and Administrative Procedures, as well as the Federal Rules of Civil Procedure. In particular, plaintiff is notified of the requirements of Rule 11(b), Fed. R. Civ. P., which states:

> **(b) Representations to the Court**. By presenting to the court a pleading, written motion or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or; if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a belief or lack of information.

Rule 11(b), Fed. R. Civ. P.

Accordingly,

**IT IS HEREBY ORDERED** that by **February 1, 2018**, defendant Edwards shall file a Supplement to his Notice of Removal that (1) includes as attachments thereto copies of all records

and proceedings that took place in the state court up until the time the Notice to State Court and Plaintiff of Filing of Notice of Removal was filed; and (2) specifically identifies for the Clerk of the Court all motions that were pending in the state court at the time of removal.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave, construed as a motion for leave to file an amended complaint, is **DENIED without prejudice**. [Doc. 6]

**IT IS FURTHER ORDERED** that plaintiff's Motion to Uphold State Court Ruling of Default Judgment is **DENIED with prejudice**. [Doc. 11]

**IT IS FURTHER ORDERED** that plaintiff's Motion to Add the U.S. Government as a Defendant (Judiciary Branch) is **DENIED with prejudice**. [Doc. 12]

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this  30th  day of January, 2018.