UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DR. PATT MCGUIRE, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:18-CV-71 CAS |
| JERRY EDWARDS, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This removed case is before the Court on pro se plaintiff Dr. Patt McGuire, Ph.D.'s ("plaintiff") motion to remand.[1] No response has been filed to the motion and the time for any respond has passed. For the following reasons, the Court will remand this case to the Circuit Court of St. Louis County, Missouri, from which it was removed, for lack of subject matter jurisdiction.

**I. Factual and Procedural Background**

Plaintiff states that she is a deputy detention juvenile officer employed by St. Louis County, Missouri. Plaintiff filed an employment discrimination lawsuit in state court in August 2017, McGuire v. St. Louis County, Missouri, et al., Case No. 17SL-CC-3123 (21st Judicial Circuit, State of Missouri) (the "Employment Discrimination case").[2] The instant case was filed in state court in December 2017. Plaintiff sues two defendants, Jerry Edwards and St. Louis County, Missouri, and alleges the following facts:

---

[1]The motion is titled "Objection to Defendant's Notice of Removal and Plaintiff Request Case be Remand [sic] Back to State Court" (Doc. 5). It was properly docketed as a motion to remand.

[2]Plaintiff's Employment Discrimination case was removed to this Court on December 5, 2017. See McGuire v. St. Louis County, Missouri, et al., No. 4:17-CV-2818 CDP (E.D. Mo.).

On November 21, 2017, plaintiff looked up her Employment Discrimination case on Missouri Case.net to see its progress.[3] (Petition ¶ 6.) Plaintiff saw that beneath the names of defendants St. Louis County Missouri, and St. Louis County Missouri (Administrator Judge) on the Case.net docket sheet were the words "Party End Date: 11/21/2017" and "Party End Reason: Party Released/Ended." (Id. ¶¶ 17-18; Ex. A.)

On November 27, 2017, plaintiff went to the St. Louis County Circuit Court to file several documents in her Employment Discrimination case. (Id. ¶ 6.) After filing the documents, plaintiff went to Judge Dean Paul Waldemer's court and spoke to his clerk, Jackie Dougherty. (Id. ¶ 11.) "Among the questions the Plaintiff asked Jackie Daugherty was if she could explain the updated information in Missouri Case Net dated 11-21-2017. The Plaintiff specifically asked what does 'Release/Ended' mean. The Plaintiff asked if that meant that the Defendants were released from the case and if that meant the case was over." (Id.)

Plaintiff alleges that Ms. Daugherty conferred with the judge and returned to the courtroom and told plaintiff "the judge said he did not do that." (Id. ¶ 11.) Ms. Daugherty instructed plaintiff to return to the Circuit Clerk's Office and ask the manager how that information got into Case.net. Plaintiff went to the Clerk's Office to ask but the lead manager was not in that day. (Id.) Plaintiff returned the next day, November 28, 2017, and spoke to defendant Edwards, lead manager/director for the Circuit Clerk's Office. (Id. ¶ 12). Plaintiff explained to Edwards her conversation of the previous day with Jackie Daugherty in Judge Waldemer's courtroom, concerning changes shown

---

[3]The website of Missouri Case.net specifically cautions, "The information available on Case.net is provided as a service and *is not considered an official court record.*" Missouri Case.net General Help (emphasis added). See Case.net General Help, Accessing Case.net, https://www.courts.mo.gov/case.net/casenethelp.nsf/dd5cab6801f1723585256474005327c8/842898cd604d014d8625681d005927bb?OpenDocument (last accessed Feb. 8, 2018).

on the docket sheet on Case.net on November 21, 2017. Plaintiff showed Edwards screen shots of two pages of the docket sheet from Case.net, which are attached to the Petition as Exhibits A and B. (Id. ¶ 12.)

Edwards asked plaintiff if he could go check to see what she was talking about, and then returned and told plaintiff he had corrected the problem and not to worry about it because it had been corrected. (Id. ¶ 13.) Plaintiff asked how this happened and who did it, and asked for the name of the person or persons who did it. (Id.) Edwards responded that he would have to check with the legal department and plaintiff asked that Edwards get back to her on her request for this information. (Id. ¶ 14.) When plaintiff had not heard from Edwards two days later, she filed a subpoena "with about 29 questions related to details on the tampered information in Case Net on the Plaintiff['s] mentioned case on November 30, 2017." (Id. ¶ 15.)

A little over two weeks later, plaintiff filed this action in St. Louis County Circuit Court on December 18, 2017, naming as defendants Jerry Edwards and St. Louis County, Missouri. The petition is titled "Tampering Petition" and asserts that it is a "civil action authorized by 18 U.S.C. §§ 1519 and 1520." (Id. ¶ 1.) The petition also mentions 18 U.S.C. §§ 242, 1505, 1506, 1512, and 42 U.S.C. § 1983. In Section V of the petition, titled "Legal Claims," plaintiff incorporates her factual allegations and asserts: "The tampering violated Plaintiff's (Dr. Patt McGuire) Constitutional and legal rights." (Id. ¶ 22.) Plaintiff further asserts that she "has no plain, adequate or complete remedy at [sic] to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory relief which plaintiff seeks." (Id. ¶ 23.)

Plaintiff's prayer for relief seeks a declaration that "the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States." (Id. ¶ 24.) Plaintiff

also seeks compensatory damages in the amount of "thirty-five million (35 Millions) against each defendant, jointly and severally," (id. ¶ 25), and punitive damages in the amount of "$35 Million" against each defendant. (Id. ¶ 26.)

Defendant Edwards removed the case to this Court on January 17, 2018, on the basis of federal question jurisdiction under 28 U.S.C. § 1331, stating, "Plaintiff alleges her lawsuit violations [sic] 18 U.S.C. §§ 1519 and 1520, 42 U.S.C. § 1983, for deprivation of Plaintiff's constitutional rights." (Notice of Removal at 1-2.) This Court issued orders directing Edwards to supplement his Notice of Removal to provide the complete state court record (Docs. 13, 15), and Edwards has complied. The Court now turns to plaintiff's motion to remand.

## II. Motion to Remand

Plaintiff moves to remand the case to state court, on the grounds that "trying the case in federal court would waste the Courts [sic] time" and "because Plaintiff was correct in filing the case in state court because the case fit all requirements for state court hearing the case." Mot. to Remand at 1. Plaintiff also asserts in support of remand to state court that (1) the matter in controversy exceeds the sum of $75,000; (2) defendant Edwards resides or does business in the district; (3) the Employment Discrimination case "which contains events leading up to the lawsuit is the overlapping originating case"; (4) defendant was served with process "in the building of the state court"; (5) the "state court is competent to hear and decide on the subject matter of tampering within the court's jurisdiction"; (6) personal jurisdiction exists "because the Defendant is present in Missouri and is a legal resident of the state in which the lawsuit has been filed"; and (7) the case is between individuals and "the Defendant's employer – St. Louis County Missouri/St. Louis County Courts." (Id. ¶¶ 1-7.) As previously stated, neither defendant responded to the motion to remand.

4

## III. Legal Standard

"Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." Kessler v. National Enters., Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). A federal court may not proceed at all in a case unless it has jurisdiction. Crawford v. F. Hoffman-LaRoche Ltd., 267 F.3d 760, 764 (8th Cir. 2001).

"The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction[.]" Branson Label, Inc. v. City of Branson, Mo., 793 F.3d 910, 917 (8th Cir. 2015) (quoted case omitted). Thus, in this case, removing defendant Edwards bears that burden. Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009). In determining whether a claim "arises under" federal law, courts must be "mindful that the nature of federal removal jurisdiction—restricting as it does the power of the states to resolve controversies in their own courts—requires strict construction of the legislation permitting removal." Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). "A defendant may remove a state court claim to federal court only if the claim originally could have been filed in

5

federal court, and the well-pleaded complaint rule provides that a federal question must be presented on the face of the properly pleaded complaint to invoke federal court jurisdiction." Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).

## IV. Discussion

As stated above, defendant Edwards removed this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. Congress has given federal courts subject matter jurisdiction under 28 U.S.C. § 1331 to hear "only those cases in which a well-pleaded complaint rule establishes either that federal law creates the cause of action or . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 27-28 (1983)). A complaint presents a question of federal law when the right to recovery under it "will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another." Gulley v. First Nat'l Bank, 299 U.S. 109, 112 (1936).

Here, plaintiff's petition expressly cites a number of federal statutes. There is, however, an exception to the rule that pleading a federal statutory violation establishes subject matter jurisdiction. "A claim invoking federal-question jurisdiction . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Arbaugh v. Y & H Corp., 546 U.S. 500, 513 n.10 (2006) (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)); see also Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise

completely devoid of merit as not to involve a federal controversy.'") (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974)). "'Constitutional insubstantiality for this purpose has been equated with such concepts as 'essentially fictitious,' 'wholly insubstantial,' 'obviously frivolous,' and 'obviously without merit.'" Shapiro v. McManus, 136 S. Ct. 450, 456 (2015) (citation omitted).

This exception applies to the present case. Although plaintiff's petition cites a number of federal statutes, her claim is wholly insubstantial and legally frivolous, and obviously without merit under those statutes. The federal statutes on which plaintiff's claims are based, 18 U.S.C. §§ 1519 and 1520, are criminal statutes that prohibit the destruction, alternation of falsification of records in federal investigations or bankruptcies, and the destruction of corporate audit records, respectively. These federal criminal statutes by their terms do not apply to actions such as those plaintiff alleges occurred in a state court such as the St. Louis County Circuit Court and, moreover, do not provide a private cause of action to plaintiff or any other individual. The other federal statutes plaintiff cites in her petition, with the exception of 42 U.S.C. § 1983, are also criminal statutes that do not apply to actions occurring in state courts, and do not provide a private cause of action.

As to plaintiff's mention of 42 U.S.C. § 1983, it is fundamental that Section 1983 is a remedial statute, which "is not itself a source of substantive rights, but [rather] a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoted case omitted). See also Wilson v. Spain, 209 F.3d 713, 715 (8th Cir. 2000) ("Section 1983 does not confer substantive rights but merely provides a means to vindicate rights conferred by the Constitution or laws of the United States."). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish two essential elements: (1) the violation of a right secured by the Constitution or laws

7

of the United States, and (2) the alleged deprivation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff's petition does not allege the violation of a right secured by the United States Constitution or federal law such that she could assert a claim under Section 1983.  Plaintiff alleges only facts to show that an error was made on the unofficial docket sheet of her Employment Discrimination case while it was pending in the St. Louis County Circuit Court, that was quickly corrected when she pointed it out.  Plaintiff does not identify which of her constitutional rights were violated by these actions, and the Court finds that any claim of a constitutional violation based on the facts alleged is wholly insubstantial and obviously frivolous, and so completely devoid of merit as not to involve a federal controversy.

**V. Conclusion**

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this action because plaintiff's claims are so completely devoid of merit as to not involve a federal controversy.  Consequently, removing defendant Edwards has not met his burden to establish the existence of federal question jurisdiction.  As a result, this case must be remanded to the state court from which it was removed.  See 28 U.S.C. § 1447(c).  Plaintiff's motion to remand will therefore be granted.  All other pending motions will remain for disposition by the state court following remand.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Objection to Defendant's Notice of Removal and Plaintiff Request Case be Remand [sic] Back to State Court," docketed as a Motion to Remand, is **GRANTED** for lack of subject matter jurisdiction.  [Doc. 5]

An order of remand will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  8th  day of February, 2018.